# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HARTLEY, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00491-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY** (ECF No. 26)<br><br>**ORDER GRANTING PLAINTIFF FINAL EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>MAY 29, 2013 DEADLINE |

Plaintiff Timothy D. Johnson ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On October 23, 2012, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days. ECF No. 20. After receiving several extensions of time, Plaintiff was provided up to March 7, 2013 by which to file his amended complaint. On April 1, 2013, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. On April 22, 2013, Plaintiff filed a motion requesting that the Court stay this action and order Avenal State Prison, where Plaintiff is currently incarcerated, to provide him access to the law library. In the alternative, Plaintiff requests appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the*

1

*Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Id.*

With regards to Plaintiff's request for the Court to order Avenal State Prison to provide Plaintiff with access to the law library, Plaintiff's motion is construed as a motion for preliminary injunction.  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Plaintiff fails to state a claim.  Thus, Plaintiff has not demonstrated the likelihood of success on the merits to warrant a grant of preliminary injunction.

Plaintiff presents no argument that would merit staying this action.  Because of Plaintiff's issues with accessing the law library, the Court finds good cause to grant Plaintiff a final extension of time to file an amended complaint.  No further extensions of time will be granted.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for stay of the action, filed April 22, 2013, is denied;
2. Plaintiff's motion for the Court to order Avenal State Prison to provide Plaintiff with access to the law library is denied;
3. Plaintiff's motion for appointment of counsel is denied;
4. Plaintiff is granted up to May 29, 2013 by which to file his First Amended Complaint; and
5. If Plaintiff fails to file a timely amended complaint, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 29, 2013**                           /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE