UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES HARTLEY, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00491-DLB PC<br><br>**ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 28) |

**I.   Background**

Plaintiff Timothy D. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On February 15, 2012, Plaintiff filed his complaint in the Northern District of California. (ECF No. 5.) On March 30, 2012, Plaintiff's case was transferred to this Court. (ECF No. 14.) On October 23, 2012, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 20.) On May 31, 2013, Plaintiff filed a first amended complaint, which is now before the Court for screening. (ECF No. 28.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary of First Amended Complaint

Plaintiff is incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants warden James Hartley, and unknown medical doctors, staff, and correctional officers. Plaintiff notes that Defendant Hartley is the supervisor of all unnamed defendants and that he refuses to give Plaintiff the other names.

Plaintiff alleges the following. On December 29, 2011, Plaintiff returned to ASP's hospital emergency room after being discharged from Twin City Hospital. ASP doctors and medical staff refused to treat Plaintiff according to Twin City Hospital's orders because the ASP doctor discarded or lost Plaintiff's medical discharge information and x-rays. The ASP doctor tried to send Plaintiff back to his housing unit without treatment, but the transportation officer told the doctor that the Twin City Hospital doctors had diagnosed Plaintiff with pneumonia and major bowel blockage, and had been prescribed Levaquin, taken with water and an enema. ASP doctor gave Plaintiff a measuring cup and told Plaintiff to drink water and that Plaintiff would go to the bathroom in a couple of days.

The ASP doctor contacted another doctor. The ASP doctor then stated that while he would not provide an enema, he would give Plaintiff some medication, a liquid laxative, to be drunk with milk. While drinking the laxative, the ASP doctor, medical staff, and correctional officers made disrespectful statements to Plaintiff. Plaintiff was held at the emergency room until the laxative began to take effect. Plaintiff then asked to use the bathroom, but was told to go back to his housing unit. Plaintiff defecated on himself before arriving at his housing unit.

On December 30, 2011, Plaintiff went to the clinic medication window for pickup of the antibiotic prescribed by the doctor. Plaintiff explained to the registered nurse that the antibiotic was not to be taken with milk. The registered nurse told Plaintiff to stop his whining. Plaintiff next requested a roll of toilet paper because he had taken the laxative. The nurse refused to provide Plaintiff with toilet paper. The nurse told Plaintiff to get a note from the doctor if he wanted a roll of toilet paper. Plaintiff then left the window and approached a correctional officer near the clinic, asking for a roll of toilet paper. The correctional officer grabbed his pepper spray canister and told Plaintiff to go back to his building. Plaintiff complied, but defecated on himself again before making it back to his housing unit.

At 10:00 a.m. that day, Plaintiff reported to the ASP emergency room for an appointment. Plaintiff explained to the doctor his situation. The doctor prescribed milk of magnesia and a strong liquid laxative for use that night. She called the yard clinic to tell them to give Plaintiff several rolls of toilet paper, and wrote Plaintiff a note to give to the registered nurse. The note told the registered nurse to bring Plaintiff the laxative in the housing unit.

Plaintiff arrived at the clinic and knocked, and encountered the correctional officer from earlier in the day. Plaintiff informed him that the doctor had called the clinic to give Plaintiff extra toilet paper. The officer told Plaintiff that no such call was received. Plaintiff presented the note, and the officer told Plaintiff that he would call the doctor. Plaintiff knocked several times, asking that he be allowed to use the bathroom, but no one came to the door. After five minutes, the officer

3

came back and told Plaintiff to back to his housing.  Again, Plaintiff defecated on himself prior to reaching his housing unit.

At 6:45 p.m. that day, Plaintiff was told by a correctional officer that the nurse had called and told Plaintiff to come to the clinic to pick up his medication.  Plaintiff told the officer that the doctor had written a note that the nurse should bring the medication to the housing unit.  The officer told the nurse, but she responded that she would not do that.  The officer told Plaintiff that if he could make it to the clinic, he would open the door to the unit to allow Plaintiff to get to the clinic and back.  Plaintiff walked over to the clinic and knocked.  Plaintiff's stomach was upset.  After five minutes, he was provided with his medication, but not permitted to use the bathroom.  Plaintiff again defecated on himself.

Plaintiff requests that ASP give him the names of the doe defendants and for ASP to reprimand the defendants.  Plaintiff also requests compensatory damages.

### III. Analysis

#### A. Linkage and Supervisory Liability

Plaintiff fails to state a claim against Defendant Hartley.  Plaintiff alleges no facts which demonstrate that Defendant Hartley did any actions that violated Plaintiff's constitutional rights.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

To the extent that Plaintiff alleges liability against Defendant Hartley based on any supervisory roles, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant

4

holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts which indicate that Defendant Hartley personally participated in an alleged constitutional violation or knew of constitutional violations and failed to act to prevent them.

### B. Eighth Amendment

The Court construes Plaintiff's allegations against Doe Defendants as a claim for violation of the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835.

Based on Plaintiff's allegations, Plaintiff has not alleged an Eighth Amendment claim. Based on Plaintiff's allegations, the medical doctor at ASP on December 29, 2011 failed to exactly follow the recommendation from the Twin City Hospital doctor. Plaintiff has not alleged facts which indicate that he suffered a sufficiently serious harm. Plaintiff has also not alleged facts that the ASP doctor knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges, for example, that the ASP doctor lost the discharge documents, which does not demonstrate that the ASP doctor knew of any serious medical need.

Plaintiff fails to state an Eighth Amendment claim regarding the disrespectful comments made by medical staff on December 29, 2011. Verbal harassment does not generally violate the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Plaintiff fails to state an Eighth Amendment claim regarding any of the events on December 30, 2011. Plaintiff fails to allege facts which indicate a sufficiently serious harm. Lack of toilet paper for one day does not rise to the level of an objectively serious harm. *See Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1059 (C.D. Cal. 2008) (finding "de minimis, apparently brief, one-time deprivation of toilet paper" does not rise to the level of civil rights violation) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Although the Court recognizes Plaintiff's frustration with his prison living conditions, Plaintiff's allegations in his amended complaint do not reach the high level required for an Eighth Amendment violation. *See Hudson,* 503 U.S. at 9 ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (quotations and citations omitted).

## IV.     **Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 19, 2013**          /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE